WILLIAM VON SACHS, AS ASSIGNEE IN BANKRUPTCY OF JOHN F. SCHEPELER, APPELLANT, *v.* GEORGE C. KRETZ AND OTHERS, RESPONDENTS.

*Statute of limitations — effect of bankruptcy of debtor on running of — Counter-claim, in action by assignee in bankruptcy — reply to, by assignee.*

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee. This action was brought by an assignee in bankruptcy to foreclose a mortgage. The defendant set up in his answer a counter-claim, to which no reply was made. The plaintiff insisted that the counter-claim was barred by the statute of limitations. As to this, the court at General Term said: "It is contended by the plaintiff that the statute of limitations is a bar to the defendants' set-off. It was not barred when the plaintiff became assignee in bankruptcy. He is, in effect, a trustee for the creditors of the bankrupts. The statute of limitations may have barred the right of action against the bankrupts, without affecting a set-off which existed at the time of the adjudication in bankruptcy. For the bankrupt act provides that, in all cases of mutual debts or mutual credits, the balance only shall be allowed or paid. (U. S. Rev. Stat., § 5073.) The statute of limitations does not extinguish the debt, but only bars the remedy. The debt may be revived by a subsequent promise without any new consideration. In this case six years had not elapsed, after the defendants' cause of action accrued, when the adjudication in bankruptcy was made. It does not appear whether the bankrupts were discharged or not. The

bankrupt act provides that suits against the bankrupt shall be stayed, pending the proceedings in bankruptcy. (U. S. Rev. Stat., § 5106.) During the continuance of this statutory prohibition (which, for ought that appears, may still be in force), the statute of limitations did not run. (Code, § 105.)

We think, therefore, that the defendants' set-off was not barred. (*Parker* v. *Sanborn*, 7 Gray, 191.) Nor was the plaintiff at liberty to take that objection. The defense falls within the definition of a counter-claim to which a reply must be put in. The plaintiff did not reply, and therefore admitted the defense. (*Isham* v. *Davidson*, 52 N. Y., 237; Code, § 168.)"

*James K. Hill*, for the appellant. *John H. Bergen*, for the respondents.

Opinion by GILBERT, J.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.